UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
JOSE E. CARRASCO,                                                      :
:
                      Petitioner,                                    :
:     17-CV-7434 (JPC)
      -v-                                                              :
:     <u>ORDER</u>
CHRISTOPHER MILLER,                                                    :
:
                      Respondent.                                    :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    On September 28, 2017, Petitioner Jose Carrasco, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. 2.) On November 13, 2020, the Honorable Barbara Moses submitted a Report and Recommendation (the "Report and Recommendation") recommending that the undersigned deny the Petition in its entirety. (Dkt. 59.) Now before the Court is a letter from Petitioner requesting an extension of time to "fill out an appeal/and request a certificate of appeal" and requesting that an attorney be appointed to represent him. (Dkt. 65.) For the reasons stated below, Petitioner's request is GRANTED in part and DENIED in part.

    The Court first considers Petitioner's request for counsel. At the outset, it should be noted that this is not Petitioner's first request for counsel. On June 18, 2019, the Court received a letter from George Ward, "Correctional Facility Law Clerk at the Marcy Correctional Facility," in Marcy, New York, where Petitioner was then incarcerated. (Dkt. 46.) In that letter, Mr. Ward requested, on behalf of Petitioner, a "translation" of the Declaration of James J. Wen, which had been submitted in connection with Respondent's opposition to the Petition, as well as "[a]ssignment of counsel." (*Id.*) On June 26, 2019, Judge Moses extended Petitioner's time to submit a reply brief

in support of his habeas petition, but denied Petitioner's request for a translator and counsel, finding that Petitioner was not entitled to either under *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam).  (Dkt. 47.)  Specifically, Judge Moses concluded that Petitioner "was capable of submitting a coherent and reasoned habeas petition" and "64-page brief in support of his application for *coram nobis* relief," and that "[t]hese submissions suggest that [P]etitioner possesses sufficient ability to prepare his reply."  (*Id.* at 1-2.)

Having reviewed Petitioner's renewed request for counsel, the Court again concludes that appointment of counsel is not warranted.  "While a habeas petitioner has no right to counsel, this Court has discretion, under the Criminal Justice Act ('CJA'), to appoint counsel for any person 'seeking relief' under 28 U.S.C. § 2254 '[w]henever . . . the interests of justice so require' and such person is financially unable to obtain representation."  *Bonie v. Annucci*, No. 19 Civ. 11822 (AJN) (DF), 2020 WL 1233555, at *1 (S.D.N.Y. Mar. 13, 2020) (quoting 18 U.S.C. § 3006A); *see also Taylor v. United States*, 822 F.3d 84, 92 n.4 (2d Cir. 2016).[1]  Because Petitioner is proceeding *in forma pauperis* (Dkt. 1), the Court does not doubt that Petitioner is eligible for appointment of counsel.  Nonetheless, the Court concludes that Petitioner has not shown that appointment of counsel would be in the "interests of justice."

In making such an assessment, courts "look[] to the standards governing counsel applications in other types of civil cases."  *Bonie*, 2020 WL 1233555, at *1 (collecting cases); *see also* Dkt. 47 (outlining the standards for appointment of counsel in civil cases).  Accordingly, the Court must first determine if the *pro se* party's position is "likely to be of substance."  *Cooper*, 877 F.2d at 172 (internal quotation marks omitted); *see also Hodge*, 802 F.2d at 60-61.  If so, the Court

---

[1] The Court must appoint counsel if an evidentiary hearing is required.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases; *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  But no evidentiary hearing is required in this case, particularly at this late stage.

considers "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172.

As an initial matter, it appears that Petitioner's position is not "likely to be of substance," especially at this late stage of the case. Although the Court does not pass on the merits of the Report and Recommendation, which it will address following the end of the time period for objections, it should be noted that Judge Moses has recommended dismissing the Petition in its entirety. Petitioner has been given ample time to submit arguments in support of his Petition throughout this case's long history. While Petitioner's arguments do not seem frivolous upon initial review, even arguments that can withstand a dispositive motion do not necessarily "warrant[] allocation of the scarce resource of volunteer-lawyer time." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 206 (2d Cir. 2003). Petitioner's arguments do not appear able to do so here, and simply do not "render [his] claim likely to succeed." *Id.* at 205 (internal quotation marks omitted).

Moreover, the only change since Judge Moses's June 26, 2019 Order denying counsel that Petitioner cites is his new medical condition. Although that condition may unfortunately make submitting objections more time consuming, it does not appear to change Petitioner's ability to make coherent legal arguments. Nor does it prevent him from conducting any "factual investigation" or "cross-examination," since neither is required or permitted at this late stage of the case. And although the Court sympathizes with Petitioner's medical condition, that alone does not entitle Petitioner to counsel. *See Kasiem v. Switz*, No. 09 Civ. 9361 (RJH) (KNF), 2010 WL 3744183, at *2 (S.D.N.Y. Sept. 22, 2010) (denying counsel to blind petitioner because his position was not likely to be of substance); *Terrell v. Walsh*, No. 03 Civ. 7613 (GBD) (DFE), 2004 WL 1824317, at *2 (S.D.N.Y. Aug. 16, 2004) (same).

The Court does grant Petitioner's second request for an extension in light of his recent medical developments, however. Petitioner previously requested an "extension of time" to file his "appeal" in a letter dated November 26, 2020 but docketed December 3, 2020, stating that he had been transferred from his previous facility and did not have access to his legal papers. (Dkt. 61.) On December 4, 2020, the Court issued an Order interpreting Petitioner's letter as a request for additional time to file written objections to the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, and granting Petitioner until December 31, 2020 to file any objections. (Dkt. 62.) The Court similarly interprets Petitioner's present request for additional time to "appeal" as a request for additional time to file objections to the Report and Recommendation, and determines that Petitioner shall have until February 19, 2021 to submit any objections.

Accordingly, for the reasons stated above, Petitioner's motion is GRANTED in part and DENIED in part. Petitioner shall have until February 19, 2021 to submit any objections to the Report and Recommendation. The Clerk of the Court is respectfully directed to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: January 25, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge